ANDERSON *v.* WIRTH.

1. EJECTMENT—PLATS—BOUNDARIES.
    Plaintiff's right to recover in an action of ejectment depended
    upon his establishing the east boundary of a lot as platted to
    be at the east side of a certain warehouse. The plat showed
    the east line of the lot to be located 50 feet west from the
    center of a railroad track. The undisputed evidence showed
    that shortly after the plat was made, and before the ware-
    house was built, the track was moved 3 or 4 feet to the east.
    The warehouse was built 50 feet from the center of the track
    after it was moved. *Held*, that a verdict should have been
    directed for defendant.

2. BOUNDARIES—SURVEYS.
    The fact that a city surveyor assumed that a warehouse marked
    the boundary of a lot, and made surveys upon that assump-
    tion, is no evidence of the true boundary.

Error to Wexford; Chittenden, J. Submitted October
9, 1903. (Docket No. 36.) Decided October 27, 1903.

Ejectment by Andres P. Anderson against Henry
Wirth. From a judgment for plaintiff, defendant brings
error. Reversed.

*Sawyer & Bishop*, for appellant.

*Charles A. Withey* (*J. E. Richardson*, of counsel),
for appellee.

CARPENTER, J. This is the second time this contro-
versy has been in this court. On the former occasion (see
131 Mich. 183 [91 N. W. 157]) it was reversed on account
of error in excluding testimony respecting the location of
the railroad track hereafter referred to. On the second
trial, as on the first, plaintiff recovered a verdict and
judgment. The controversy relates to the ownership of a
strip of land 6 inches in width, which the plaintiff claims
as a part of lot 5, block 1, Mitchell's revised plat of the

city of Cadillac, and which the defendant claims as a part of lot 6 of said block. Lots 5 and 6, block 1, face on Harris street, which is a street running from Lake street, on the west, to the right of way of the Grand Rapids & Indiana Railroad Company, on the east. According to the plat, the distance from Lake street to the right of way is 319 feet. It is the claim of plaintiff that in fact this distance is 322 feet and 2 inches, and that the excess of 3 feet and 2 inches is to be apportioned among the lot owners; and, so apportioned, plaintiff is entitled to the 6 inches in controversy. If there is no excess, the defendant is entitled to recover.

There is no dispute as to the location of the eastern boundary of Lake · street. That boundary is fixed by original monuments, now standing. Plaintiff's claim of an excess is based upon the fact that the distance from the boundary to the east side of a warehouse situated at least partly on lot 6 is 322 feet and 2 inches. If this east side of the warehouse can be treated as an original or fixed monument, plaintiff is entitled to recover; otherwise he is not. It is 50 feet from the east side of this warehouse to the center of the railroad track, on the railroad's right of way, according to its present location; and the plat of this subdivision, made in July, 1872, fixed 50 feet as the distance between the center of said railroad track and the boundary of lot 6. The undisputed evidence in this case proves that shortly after the plat was made, and before the warehouse was built, the track was moved 3 or 4 feet to the east. Assuming, as we must, on the present record, this testimony to be true, it follows that the distance from the center of the track as at present located to the east boundary of lot 6 is not 50 feet, but 53 or 54 feet, and therefore that the east side of the warehouse does not mark said boundary. It could not mark said boundary, under this hypothesis, except upon the impossible assumption that the boundary moved when the track was moved.

There is other evidence, of a persuasive character, which tends to prove that the east boundary of the warehouse

does not correctly mark the east boundary of lot 6. On the assumption that it does, the lot lines in the other parts of the subdivision, some of which were fixed by occupancy shortly after the land was platted, and about which there has been no dispute, are improperly located.

"As between old boundary fences and any survey made after the monuments have disappeared, the fences are by far the better evidence of what the lines of a lot actually are." *Diehl* v. *Zanger*, 39 Mich. 601.

The eastern boundary line of this plat was a straight line extending for several blocks. The warehouse in question is not the only monument standing near this boundary. There are other buildings. Some of these are 51, some 51½, and there is a fence 54 feet from the center of the track.

In support of the claim that the east side of the warehouse does afford evidence of the location of the east boundary of lot 6 are these circumstances: *First.* Defendant's principal witness, Mr. Teed, city surveyor, assuming that it did fix such boundary, made several surveys of the land in question in 1880, and located the boundaries of a park immediately opposite. We need spend no time to prove that this affords no evidence of the true location of said boundary. *Second.* The warehouse in question was built in its present location in 1874 or 1875 by Mr. Mitchell, who made the plat of the whole subdivision in question. This circumstance amounts, at most, to a declaration on the part of Mr. Mitchell that the east side of the building marked the east boundary of his lot. If he made a mistake at that time, as we are bound to say, upon this record, he did, we know of no principle which entitles plaintiff to the benefit of that mistake, or which estops defendant from now asserting that the mistake was made. The location of said building affords precisely the same evidence of the location of the boundary line as is afforded by the location of the other buildings along said line, and that, under the circumstances stated in this opinion, is no evidence whatever.

It results from these views that the trial court erred in not directing a verdict for the defendant.

Judgment reversed, and new trial ordered.

The other Justices concurred.